Marcie E. Schaap, #4660
**ATTORNEY AT LAW, P.C.**
1523 E. Spring Lane
Salt Lake City, UT 84117
Telephone: (801) 201-1642
Facsimile: (801) 272-6350
e-mail:   marcie.schaap@gmail.com

Attorney for Plaintiff
_____

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION
_____

| | |
|---|---|
| IHC HEALTH SERVICES, INC., dba INTERMOUNTAIN MEDICAL CENTER,  ) ) ) Plaintiff,  ) ) v.  ) ) ) KAISER FOUNDATION HEALTH ) PLANS, INC.,  ) ) Defendant. ) ) | **SCHEDULING ORDER**<br><br>Case No.   2:14-cv-0122-CW-EJF<br><br>Judge Clark Waddoups<br>Magistrate Judge Evelyn J. Furse |

Pursuant to Fed.R. Civ P. 16(b), the Judge received the Attorneys' Planning Report filed by counsel.  The following matters are scheduled.  The  times and deadlines set forth herein may not be modified without the approval of the Court and on a showing of good cause.

**IT IS ORDERED:**

**\*\*ALL TIMES 4:30 PM UNLESS INDICATED\*\***

1.     **PRELIMINARY MATTERS**                                                                          **DATE**

Nature of claim(s) and any affirmative defenses:

Unpaid ERISA medical benefits.

|  |  |  |
|---|---|---|
| a. | Was Rule 26(f)(1) Conference held? | *11/04/14* |
| b. | Has Attorney Planning Meeting Form been submitted? | *11/04/14* |
| c. | Was 26(a)(1) initial disclosure completed?   Joint | *11/25/14* |

Administrative Record to be submitted no later than -

**2.     DISCOVERY LIMITATIONS**

a.  *The parties agree that this case is governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq ("ERISA"). However, the parties disagree about the extent to which, if at all, the plaintiff may conduct discovery.  The plaintiff contends that case law and ERISA permit discovery if the defendants have failed to provide a complete response to requests for information made during the pre-litigation appeal by the plaintiff and/or to the extent any conflict of interest by the defendants affected the decision making process in the case. Defendants contend that this case should be decided on the administrative record without any supplementation.   By entering into this report, the parties do not waive their right to object to any discovery or designation of witnesses on these grounds.*

*In the event there is a dispute as to the completeness of the administrative record and/or the necessity for or permissibility of discovery, a party may bring a motion with the court within 45 days of the production of initial disclosures (which shall include the entire administrative record) to have such issues determined by the*

    *court.  The motion shall include such discovery as is proposed and a memorandum supporting the proposed discovery.*

  b. Discovery of electronically stored information should be handled as follows: *no agreement between the parties*

  c. Claim of privilege or protection as trial preparation material asserted after production shall be handled as follows: No agreement between the parties.

                                **DATE**

3. AMENDMENT OF PLEADINGS/ADDING PARTIES

  a. Last Day to File Motion to Amend Pleadings    *02/03/15*

  b. Last Day to File   Motion to Add Parties     *02/03/15*

4. RULE 26(a)(2) REPORTS FROM EXPERTS

  a. Plaintiff                   *n/a*

  b. Defendant                  *08/07/15*

  c. Counter reports               *n/a*

5. OTHER DEADLINES

  a. Discovery to be completed by:

    Fact discovery              *07/07/15*

    Expert discovery             *09/04/15*

  b. *(optional)* Final date for supplementation of disclosures and discovery under Rule 26 (e)

  c. Deadline for filing dispositive or potentially dispositive motions    *09/25/15*

  d. If the parties do not intend to file dispositive or potentially dispositive motions, a scheduling conference will be held for purposes of setting a trial date.   3:00 pm 10/01/15

6. **SETTLEMENT/ ALTERNATIVE DISPUTE RESOLUTION**

  a. Referral to Court-Annexed Mediation   *No*

  b. Referral to Court-Annexed Arbitration   *No*

  c. Evaluate case for Settlement/ADR on   *07/03/15*

  d. Settlement probability:   *Fair*

7. **TRIAL AND PREPARATION FOR TRIAL:**

At the time of argument on motions for summary judgment, the court will discuss the scheduling of trial. Counsel should come to the hearing prepared to discuss possible trial dates. If the schedule set forth herein is not extended, the parties can generally expect that trial will be set sometime during the 2nd quarter of 2016.

8. **OTHER MATTERS:**

Counsel should contact chambers staff of the judge presiding in the case regarding Daubert and Markman motions to determine the desired process for filing and hearing of such motions. All such motions, including Motions in Limine should be filed well in advance of the Final Pre Trial. Unless otherwise directed by the court, any challenge to the qualifications of an expert or the reliability of expert testimony under Daubert must be raised by written motion before the final pre-trial

4

conference.

Signed   December 1  , 2014.        BY THE COURT:

*[signature: Evelyn J. Furse]*

Evelyn J. Furse

U.S. Magistrate Judge